IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRINGTON CAMPBELL | : | |
| Petitioner | : | |
| | | Crim. No. CCB-07-232 |
| v. | : | Civil No.  CCB-13-13670 |
| UNITED STATES OF AMERICA | : | |
| Respondent | ...o0o... | |

**GOVERNMENT'S RESPONSE MEMORANDUM AND MOTION TO DISMISS
AS UNTIMELY DEFENDANT'S MOTION TO VACATE SENTENCE
UNDER 28 U.S.C. § 2255**

Now comes the United States of America, by and through its counsel Rod J. Rosenstein, United States Attorney for the District of Maryland, and Christopher J. Romano, Assistant United States Attorney for the District of Maryland, and respectfully submits this response in opposition to Petitioner's motion pursuant to 28 U.S.C. § 2255. The Petitioner's motion should be denied because it is untimely filed and the Petitioner has not carried his burden of demonstrating that the one-year limitations period should be equitably tolled.

**I.      FACTUAL AND PROCEDURAL SUMMARY OF THE CASE**

On April 7, 2008, after a five day jury trial, Harrington Campbell (hereinafter Petitioner) was found guilty of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §846 (Count 1); causing, and attempting to cause, a domestic financial institution to fail to file a report required under 31 U.S.C. § 5313(a) and the regulations promulgated thereunder, in violation of 31 U.S.C. §§ 5324(a),(d)(1),(2) (Count Two); and structuring, assisting in structuring and attempting to structure transactions with a financial institution, in violation of 31 U.S.C. §§ 5324 (a)(3),(d)(1),(2) (Count Three).  On August 8, 2008, Petitioner was sentenced to

a total term of imprisonment of 130 months on Count One, and 60 months on Counts Two and Three, concurrent to each other and Count One.

After being sentenced, Petitioner noted an appeal on August 14, 2008. On October 16, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's convictions and sentences. *United States v. Campbell*, 347 Fed. Appx. 923 (4th Cir. 2009). Petitioner's writ of certiorari to the Supreme Court was denied on March 29, 2010. On June 18, 2012, Petitioner filed a motion for an extension of time to file his 2255 petition. On July 18, 2012, the District Court denied the motion for an extension of time, and in the Court's order advised Petitioner to "promptly file his motion to vacate." (Document #103). On March 4, 2013, some seven and one-half months later, Petitioner filed his 2255 motion.

By order of this Court, dated April 15, 2013, the Government was directed to file a response within 60 days addressing only the timeliness of Petitioner's motion to vacate under 28 U.S.C. § 2255.

**II.   THE DEFENDANT'S MOTION IS UNTIMELY FILED AND THE DEFENDANT HAS NOT MET HIS BURDEN THAT HE IS ENTITLED TO EQUITABLE TOLLING.**

**A.   The One-Year Statute of Limitations Expired on March 28, 2011**

28 U.S.C. § 2255(f) provides that a defendant has one year to file his motion and that the one-year period runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted by initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner's judgment of conviction became final on March 29, 2010, the date on which the Supreme Court denied his petition for a writ of certiorari. The one-year clock began running on this date. Therefore, the Petitioner had until March 28, 2011 to file his 2255 motion. Petitioner did not file his motion until March 4, 2013, almost two years after the date by which it should have been filed. Accordingly, Petitioner's 2255 motion is not timely filed and should be dismissed.

    **B.**    **The Facts Here Cannot Justify Equitable Tolling**

Petitioner seeks to avoid his petition being dismissed as untimely, by claiming equitable tolling.

The Fourth Circuit has held that equitable tolling has been applied in "two generally distinct situations" – first where "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" and second where "extraordinary circumstances beyond plaintiffs' control made it impossible to file claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal citations omitted). However, the Fourth Circuit has held that equitable tolling must be strictly applied:

> But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to the claims of hardship, and subjective notions of fair accommodation.

*Id.* Moreover "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Therefore, the Fourth Circuit has held that equitable tolling is only available if the petitioner presents "(1)

extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id*. Petitioner bears the burden of establishing that he is entitled to equitable tolling. *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003); *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002).

In *Harris*, the petitioner claimed that he was entitled to equitable tolling of his habeas petition filed pursuant to 28 U.S.C. § 2244 because the missed deadline was due to an "innocent misreading of the statute" by Harris's counsel. *Harris*, 209 F.3d at 330. The Fourth Circuit denied that request, "[w]hile we agree that mistake by Harris's counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling." *Id. See also Rouse*, 339 F.3d at 248-52 (finding that neither petitioner's medical condition nor the conduct of Petitioner's counsel who filed habeas petition justified equitable tolling of a petition filed one day late); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"); *Little v. United States*, 184 F. Supp. 2d 489 (ED Va. 2002) (rejecting petitioner's argument that delay in receiving information from lawyer about denial of his appeal should toll statute of limitations).

In the instant matter, the Petitioner does not and cannot allege wrongful conduct on the part of any governmental actor. Therefore, to carry his burden that he is entitled to equitable tolling, the Petitioner must establish that there were extraordinary circumstances outside his control that prevented him from timely filing. However, as the cases discussed above make clear, the circumstance alleged by the Petitioner do not constitute extraordinary circumstances beyond his control. According to Petitioner, he and his family retained a law firm, Warnken,

LLC, to review the trial transcripts but the law firm needed funds to prepare a "habeus corpus petition." Petitioner's affidavit at ¶32. On March 1, 2011, the law firm wrote a letter advising Petitioner that they had not received payment and therefore no petition would be filed. According to Petitioner, he did not receive the letter until April 11, 2011. Petitioner's affidavit at ¶ 38. In his 2255 petition, Petitioner claims it was not until September 29, 2011, that he learned that the law firm had not filed a 2255 petition on his behalf. Petitioner's motion at 5. Significantly, even after learning that no petition had been filed, Petitioner continued to sleep on his rights. Petitioner claims that after learning on September 29, 2011, that the law firm had not filed the 2255 petition, he was "upset and depressed." Petitioner's affidavit at ¶48. At some point, Petitioner "recovered from this mood" and on June 14, 2012, some eight and one-half months later, he wrote the Court seeking an extension of time to file his 2255 motion. On July 18, 2012, the Court denied the motion for extension and informed Petitioner to "promptly file his motion to vacate." Document 103. Notwithstanding both the order to file "promptly" and the warning that the filing would be after the one-year deadline <u>and</u> that circumstances permitting equitable tolling are rare, Petitioner did not file his 2255 motion until March 4, 2013, some seven and one-half months later. By *any* standard this cannot be considered a prompt filing, and Petitioner has not satisfied his burden of establishing that he is entitled to equitable tolling.

### III. CONCLUSION

Because Petitioner filed his 2255 motion more than one year after his conviction became final and he has not met his burden that he is entitled to equitable tolling, his motion pursuant to

28 U.S.C. § 2255 should be denied.

        Respectfully submitted,
        Rod J. Rosenstein
        United States Attorney

By:____/s/_____
        Christopher J. Romano
        Assistant United States Attorney
        36 South Charles Street- Fourth Floor
        Baltimore, MD 21201
        (410) 209-4907

-6-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>10th</u> day of June, 2013, a copy of the foregoing Government's Response Memorandum and Motion to Dismiss As Untimely Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 was electronically filed and was mailed postage prepaid to:

Harrington Campbell
# 43070-037
NEOCC-2240 Hubbard Rd.
Youngstown, OH 44505

\_\_\_\_/s/_____
Christopher J. Romano
Assistant United States Attorney